# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-16-00302-CV

**M. W., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT
### NO. 270,956-B, HONORABLE JACK WELDON JONES, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

M.W. appeals from the trial court's decree terminating his parental rights to his three children, H.W., L.W., and M.W., Jr.[1]  *See* Tex. Fam. Code § 161.001.  Following a de novo hearing, the trial court entered the de-novo decree of termination, finding by clear and convincing evidence that statutory grounds for terminating M.W.'s parental rights existed and that termination was in the children's best interest.  *See id.* § 161.001(1)(D), (E), (O), (2).

On appeal, M.W.'s court-appointed attorney has filed a motion to withdraw and a brief concluding that the appeal is frivolous and without merit.  *See Anders v. California*, 386 U.S. 738, 744 (1967); *Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646–47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in appeal from

---

[1]  We refer to the father and his children by their initials only.  *See* Tex. Fam. Code § 109.002(d); Tex. R. App. P. 9.8.

termination of parental rights). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced on appeal. *See* 386 U.S. at 744; *Taylor*, 160 S.W.3d at 646–47. Appellant's counsel has certified to this Court that he provided M.W. with a copy of the *Anders* brief and motion to withdraw as counsel and informed him of his right to examine the appellate record and to file a pro se brief. To date, M.W. has not filed a pro se brief.

The Department of Family and Protective Services has filed a brief in response to the *Anders* brief, agreeing with the assessment of appellant's counsel that there are no meritorious grounds to be advanced on appeal.

Upon receiving an *Anders* brief, we must conduct a full examination of all of the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record, including the *Anders* brief submitted on M.W.'s behalf, and have found nothing that would arguably support an appeal. We agree that the appeal is frivolous and without merit. Accordingly, we affirm the trial court's decree terminating M.W.'s parental rights. We deny counsel's motion to withdraw.[2]

---

[2] *See In re P.M.*, No. 15-0171, ___ S.W.3d ___, 2016 Tex. LEXIS 236 (Tex. Apr. 1, 2016) (per curiam). In *In re P.M.*, the Texas Supreme Court held that the right to counsel in suits seeking the termination of parental rights extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review." *Id.* at *7–8. Accordingly, counsel's obligation to M.W. has not yet been discharged. *See id.* If M.W., after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *See id.*

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Bourland

Affirmed

Filed:   August 10, 2016